**VINCENT J. BRUNKOW**
California State Bar No. 174904
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Vince_Brunkow@fd.org

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 20CR0213-LAB |
| Plaintiff, | Hon. Larry A. Burns |
| v. | |
| HERBERT JAMES BAKER, | JOINT MOTION TO AMEND THE JUDGMENT |
| Defendant. | |

The Parties, Herbert James Baker, through counsel Vincent J. Brunkow and Federal Defenders of San Diego, Inc., and the United States of America, through counsel Randy S. Grossman, U.S. Attorney, and D. Benjamin Holley, Assistant U.S. Attorney, move for the Court to amend the judgment as indicated below.

**I.    Introduction.**

At sentencing the Court announced: "You know, the decision about concurrent or consecutive time, I'm going to leave to the state court." ECF Doc. No. 59 at 42 (Partial Redacted Transcript of Sentencing). The

state court subsequently ordered the state sentence to run concurrently to Mr. Baker's federal case. *See* Exhibit A (State Court Judgment). But contrary to the intent of this Court and the state court, approximately 17 months of Mr. Baker's state and federal sentences (time Mr. Baker spent in federal custody while on a writ from state court) are not being run concurrent by the Bureau of Prisons (BOP).

The parties jointly request that the Court further amend the judgment to allow Mr. Baker to receive concurrent credit for this time spent in federal custody related to these proceedings. If the Court grants this motion Mr. Baker has agreed to dismiss his pending appeal. *See* Exhibit B (Joint Agreement as to Amended Judgment).[1]

## II. The procedural backgrounds of Mr. Baker's federal and state cases have been interwoven.

Mr. Baker's federal conviction and sentence for being a felon in possession of a firearm arose from his arrest by state officials on April 22, 2019. He was originally charged in state court in Docket No. SCE390496 with being a felon in possession of a firearm, and other state crimes. PSR at 5. Later, while still in state custody, different charges were filed in Docket No. SCD281549. PSR at 17. Those charges were based, in part, on evidence obtained from a search of his vehicle incident to his arrest on April 22, 2019. PSR at 5, 18.

Eventually, the state court dismissed Docket No. SCE390496, but continued to pursue the charges filed in Case No. SCD281549. PSR at 5. On September 20, 2019, Mr. Baker entered a plea agreement in Docket

---

[1] The attached agreement does not contain signatures. Defense counsel has telephonically reviewed the agreement with Mr. Baker in its entirety. Mr. Baker confirmed that he understands and agrees to be bound by the agreement. Mr. Baker indicated that he has signed the agreement and delivered it to the institution's legal mail system. A signed copy of the agreement will be submitted upon receipt.

No. SCD281549. He was sentenced on August 18, 2021, to 7 years "concurrent to Federal case 20-CR-213-LAB." Exhibit A.

A federal complaint was filed on May 2, 2019. Mr. Baker was brought into federal custody on December 23, 2019, based on a writ of habeas corpus ad prosequendum. PSR at 1. The PSR indicated that Mr. Baker had "211 days' federal custody served as of 7/20/20." PSR at 1. Mr. Baker's sentencing did not occur until August 24, 2020, when the Court imposed a 71-month custodial sentence. The writ from state court, however, was not returned until May 25, 2021, approximately eight months after receiving his federal sentence. *See* ECF Doc. No. 62. It was then that Mr. Baker entered exclusive federal custody because he had been ordered released from custody on his state case.

Mr. Baker appealed his federal sentence raising a breach of the plea agreement claim. The case was set for oral argument for February 9, 2022. *See* 20-50241 ECF Doc. No. 41. On January 5, 2022, the Ninth Circuit granted the parties' joint motion to stay proceedings. *See* 20-50241 ECF Doc. No. 47. On May 3, 2022, the parties requested that the stay continue for an additional 60 days. 20-50241 ECF Doc. No. 51.

### III. The Court indicated that the decision about concurrent or consecutive time would be left to the state court.

The Court sentenced Mr. Baker 71 months' custody. At the sentencing hearing, defense counsel requested that the Court give Mr. Baker credit for the time he had been in custody since his arrest and to run the sentence concurrent to the upcoming state sentence. In response, the Court declared:

> I'll leave that to the state court. You know, the decision about concurrent or consecutive time, I'm going to leave to the state court. … So I'm going to leave it to the good judgment of the state court judge to give him appropriate credit on that. If

> he's just here on a writ, then he's entitled to whatever credit he gets on the federal case.

ECF Doc. No. 59 at 42-43. Recently, on March 29, 2022, the Court amended the judgment to reiterate this point. The judgment now provides: "The Court defers to the Superior Court of California whether defendant's state sentence should be imposed concurrently or consecutive to the federal sentence imposed by this Court." ECF Doc. No. 64.

### IV. Despite the Court's stated deference to the state court's judgment that the sentences run concurrently, the BOP is not calculating any concurrent time from December 23, 2019 to May 25, 2021 even though Mr. Baker was physically in federal custody in relation to these proceedings during this time.

As stated, the state court sentenced Mr. Baker to 7 years "concurrent to Federal case 20-CR-213-LAB." Exhibit A. Despite the state court's ordering the sentences to run concurrent, the BOP is not giving Mr. Baker credit for the time he spent in federal custody from December 23, 2019, through May 25, 2021. Moreover, the parties have been informed that the recent amendment to the judgment will not change Mr. Baker's projected release date. It remains June 9, 2026.

The parties have been communicating with a BOP employee tasked with sentencing calculations to determine why Mr. Baker is not receiving concurrent time from December 23, 2019, when Mr. Baker was first brought into federal custody on the writ, to May 25, 2021, when the writ was returned. The representative was provided with the original and amended judgments from this case, and the judgment from the state case. She also communicated with state officials concerning the state sentence.

Upon this review, the BOP representative has cited 18 U.S.C. § 3585(b) which excludes from credit any time "spent in official detention prior to the date the sentence commences" that is "credited against another sentence." The representative explained that currently for BOP purposes, Mr. Baker's sentence did not "commence" until he entered exclusive federal custody on May 25, 2021. The representative also indicated that the recently filed amended judgment, even considered in conjunction with the state judgment, does not change the date Mr. Baker's sentence "commenced" for BOP purposes.

### V. The judgment can be amended to effectuate the Court's expressed intent to defer to the state court's decision to impose concurrent sentences.

Through discussions with the BOP representative, the parties have learned the Court would have to amend judgment in two ways to achieve the intent of deferring to the state court's decision to impose concurrent sentences.

First, the parties have been informed that the judgment's statement that the Court "defers" to the state court will not be honored as to time spent in federal custody prior to when the BOP obtained exclusive federal custody on May 25, 2021. If, however, the Court were to amend the judgment to state that the federal sentence is to run concurrent to the state sentence, for BOP purposes the federal sentence would then "commence" as of the date of imposition of sentence, August 24, 2020. In other words, the BOP would calculate the federal sentence as beginning nine months earlier, on August 24, 2020 (date sentence imposed), instead of May 25, 2021 (date writ returned).

Second, the BOP representative indicated that to effectuate "concurrent" sentences from before the Court imposed sentence, the sentence would need to be adjusted pursuant to U.S.S.G. § 5G1.3(b)(1).

1  The BOP representative indicated that the BOP will not credit
2  Mr. Baker with any period of imprisonment that occurred prior to the
3  imposition of sentence.[2] Section 5G1.3(b)(1) instructs courts to "adjust
4  the sentence for any period of imprisonment … if the court determines
5  that such period of imprisonment will not be credited to the federal
6  sentence by the Bureau of Prisons." Thus, to effectuate a concurrent
7  sentence, and ensure that Mr. Baker receive credit for the eight months
8  spent in federal custody from December 23, 2019 to August 24, 2020, the
9  sentence must be adjusted from 71 months to 63 months.
10      In sum, the BOP representative has confirmed that to effectuate a
11  71-month concurrent sentence from when Mr. Baker entered federal
12  custody on the writ, the judgment needs to be amended to state:

> The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
>
> 63 months. This sentence is to run concurrent to the sentence imposed in San Diego County Superior Court Docket No. SCD281549. This sentence is an adjusted sentence pursuant to U.S.S.G. 5G1.3(b) in that the sentence was 71 months adjusted by 8 months the defendant will not receive credit from the Bureau of Prisons (12/23/19-8/24/21).

19      Because this amendment would do no more than effectuate the
20  perceived intent of the Court at sentencing, the parties believe it is
21  permissible under 18 U.S.C. § 3582(c) and/or Federal Rule of Criminal
22  Procedure 35 & 36; *see also* Fed. R. Crim. P. 37, Advisory Committee
23  Notes 2012 ("If the district court concludes that it has authority to grant

---

[2] Different information concerning Mr. Baker's credits was before the Court at the time of sentencing. The PSR indicated that Mr. Baker had been "writ into federal custody" on December 23, 2019 and had more than "211 days' federal custody served" prior to the original sentencing date of July 20, 2020.

relief without appellate permission, it can act without falling back on the indicative ruling procedure.").

If the Court has any concerns whether it has jurisdiction or authority to amend the judgment as indicated, the parties request that the Court make an indicative ruling that it would grant the motion, if the Ninth Circuit remanded the case for that purpose. *See* Fed. R. Crim. P. 37(a)(3) (upon a motion "the court may … state … that it would grant the motion if the court of appeals remands for that purpose"); Fed. R. App. P. 12.1(b) (the court of appeals may remand for further proceedings if "the district court states that it would grant the motion").

Provided the Court amends the judgment consistent with this motion (by either means), Mr. Baker has agreed to dismiss the appeal and there will be no further litigation in this matter. *See* Exhibit B.

Respectfully submitted,

Dated:  May 6, 2022    *s/ Vincent J. Brunkow*
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Baker
Email:  Vince_Brunkow@fd.org

Dated:  May 6, 2022    *s/ D. Benjamin Holley*
Assistant United States Attorney
Email:  Benjamin.Holley@usdoj.gov

# CERTIFICATE OF AUTHORIZATION TO
# SIGN ELECTRONIC SIGNATURE

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Plaintiff and that I have obtained authorization from **D. Benjamin Holley**, AUSA, to affix his electronic signature to this document.

*s/ Vincent J. Brunkow*
VINCENT J. BRUNKOW
Federal Defenders of San Diego, Inc.
Vince_Brunkow@fd.org